IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY J. COLEMAN JR. a/k/a<br>LENARD WRIGHT,<br><br>       Plaintiff,<br><br>   v.<br><br>VIPIN SHAH, M.D.; WEXFORD HEALTH<br>SOURCES; CHRISTINE BROWN, Health<br>Care Unit Administrator; ANGEL RECTOR,<br>N.P.; M. KNOWP, L.P.N.; M. HILL, L.P.N.;<br>MRS. FLOWERS, Nurse; MRS. HARMON,<br>Nurse; BRENDA GALE, Nurse; SARAH<br>FARRIS, Nurse; MR. BAVAN, Correctional<br>Officer; MR. WEBB, Correctional Officer; and<br>MRS. MCBRIDE, Lieutenant,<br><br>       Defendants. | Case No. 11-cv-782-JPG |

## MEMORANDUM AND ORDER

Plaintiff, formerly incarcerated at Pinckneyville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  In addition to damages, Plaintiff seeks injunctive relief against the individual Defendants in their official capacities pursuant to *Ex Parte Young*, 209 U.S. 123, 159-60 (1908).  Plaintiff has since been released from the custody of the Illinois Department of Corrections.

Plaintiff claims that Defendants were deliberately indifferent to his serious need for treatment of his injured knee.  Specifically, he alleges Defendants Shah, Wexford Health Sources, Brown, Rector, Knowp, Hill, Flowers, Harmon, Gale and Farris were deliberately indifferent when they denied him an appropriate knee brace and/or effective medication and/or when they refused to examine and/or refer him to a doctor or specialist.  Plaintiff alleges Defendants Bavan and McBride told him his problem was a health care problem and there was

nothing they, as correctional staff, could do to help him. Plaintiff alleges Defendant Webb refused to call the health care unit after Plaintiff was not called for sick call on a day he expected to be called.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action:

**Count 1:** A claim against Defendants Shah, Wexford Health Sources, Brown, Rector, Knowp, Hill, Flowers, Harmon, Gale, Farris, Bavan, McBride and Webb for deliberate indifference to medical needs in violation of the Eighth Amendment.

Defendants Bavan, McBride and Webb are dismissed from Count 1 with prejudice for the following reason(s):

- A Defendant is generally not liable for the misdeeds of others simply because he knew about them. "A layperson's failure to tell the medical staff how to do its job cannot be called deliberate indifference." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). While these Defendants knew Plaintiff was unhappy with his medical care, they did not cause or contribute to any constitutional violation involving that care.

Plaintiff's claims against Wexford Health Sources and the individual Defendants in their official capacities for injunctive relief are dismissed without prejudice for the following reason:

- Transfer of a prisoner out of an institution renders the prisoner's request for injunctive relief moot unless he makes a showing that he will likely be reincarcerated at the institution. *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). Plaintiff has been released from custody and is unlikely to be reincarcerated at Pinckneyville.

**Disposition**

The following defendants are **DISMISSED** from this action **with prejudice**:

    MR. BAVAN, Correctional Officer
    MR. WEBB, Correctional Officer
    MRS. MCBRIDE, Lieutenant

The following defendants are **DISMISSED** from this action **without prejudice**:

    ALL INDIVIDUAL DEFENDANTS in their official capacities

The following defendants remain in the instant action in their individual capacities:

>   VIPIN SHAH, M.D.
>   WEXFORD HEALTH SOURCES
>   CHRISTINE BROWN, Health Care Unit Administrator
>   ANGEL RECTOR, N.P.
>   M. KNOWP, L.P.N.
>   M. HILL, L.P.N.
>   MRS. FLOWERS, Nurse
>   MRS. HARMON, Nurse
>   BRENDA GALE, Nurse
>   SARAH FARRIS, Nurse

The Clerk of Court shall prepare for Defendants **SHAH, WEXFORD HEALTH SOURCES, BROWN, RECTOR, KNOWP, HILL, FLOWERS, HARMON, GALE and FARRIS**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Frazier** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to **United States Magistrate Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: August 27, 2012**

    s/ J. Phil Gilbert
    **J. PHIL GILBERT**
    **United States District Judge**