IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY J. COLEMAN, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:11-cv-00782-JPG-PMF |
| | ) |
| DOCTOR VIPIN SHAH, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is a motion for summary judgment filed by defendants Sarah Farris and Mrs. Harmon (Doc. No. 80). The motion and supporting brief assert the affirmative defense of failure to exhaust administrative remedies. Plaintiff's response was due by March 1, 2013 (Doc. No. 86). The motion is not opposed.

Plaintiff Anthony J. Coleman is proceeding in his Amended Complaint against Farris and Harmon on Count 1, an Eighth Amendment claim alleging deliberate indifference to medical needs (Doc. Nos. 14, 17). Count 1 is subject to the Prison Litigation Reform Act, which provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Court of Appeals requires strict compliance with the statute. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Exhaustion means the prisoner has abided by the procedures for pursing relief. That is, he must file complaints and appeals "in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Failure to exhaust administrative remedies is an affirmative defense; defendants Farris and Harmon bear the burden of proof. *Obriecht v. Raemisch*, 517 F.3d 489, 492 (7th Cir. 2008).

In Illinois, the grievance process usually includes five levels of review. A prisoner first submits his grievance to a counselor. He may then submit a formal grievance to the grievance officer. The warden makes the final decision at the institutional level. A prisoner who is not satisfied by the warden's response may appeal to the Director. Those appeals are handled initially by the administrative review board (ARB). The Director issues the final decision. 20 Ill. Admin. Code § 504.810 et seq.

The materials on file suggest that plaintiff sought administrative relief by preparing grievances on June 6, June 7, June 22, June 28, July 14 and 17, 2011. He exhausted available remedies with respect to some of those grievances. While the administrative requests were pending review, he sought treatment from defendant Harmon (on July 22, 2011), and also sought treatment from defendant Farris (on July 26, 2011). He attempted to obtain administrative relief regarding the treatment provided by Harmon and Farris on August 9, 2011. Rather than submit new grievances to a correctional counselor in the manner required, he mailed documents directly to the ARB (Doc. No. 81-1, pp. 25 - 27). That effort was rejected on procedural grounds (Doc. No. 81-1, p. 28). There is no indication that administrative remedies were properly exhausted with respect to the medical treatment provided by Harmon and Farris before plaintiff filed this suit on August 29, 2011.

The Court is satisfied that the affirmative defense has substantial merit as to the claims made against Harmon and Farris. IT IS RECOMMENDED that the motion (Doc. No. 80) be GRANTED as follows. Plaintiff's Eighth Amendment claim against Mrs. Harmon and Sarah Farris (part of Count 1) should be dismissed without prejudice for failure to exhaust administrative remedies.

**SUBMITTED:**   July 15, 2013  .

   s/Philip M. Frazier  
**PHILIP M. FRAZIER**  
**UNITED STATES MAGISTRATE JUDGE**