IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY J. COLEMAN JR. a/k/a LENARD WRIGHT,

    Plaintiff,

v.

VIPIN SHAH, M.D.; WEXFORD HEALTH SOURCES; CHRISTINE BROWN, Health Care Unit Administrator; ANGEL RECTOR, N.P.; M. KNOWP, L.P.N.; M. HILL, L.P.N.; MRS. FLOWERS, Nurse; MRS. HARMON, Nurse; BRENDA GALE, Nurse; SARAH FARRIS, Nurse; MR. BAVAN, Correctional Officer; MR. WEBB, Correctional Officer; and MRS. MCBRIDE, Lieutenant,

    Defendants.

Case No. 11-cv-782-JPG

**MEMORANDUM AND ORDER**

    This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 100) of Magistrate Judge Philip M. Frazier recommending that the Court grant the motion for summary judgment filed by defendants Harmon and Farris (Doc. 80) and dismiss plaintiff Anthony J. Coleman's Eighth Amendment claim (Count 1) against those defendants without prejudice for failure to exhaust administrative remedies.  Although Coleman did not respond to the summary judgment motion, he objects to the Report (Doc. 102).

    The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation.  Fed. R. Civ. P. 72(b)(3).  The Court must review *de novo* the portions of the report to which objections are made.  *Id.*  "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."  *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

    In this case Coleman complains that Harmon, Farris and other defendants were

deliberately indifferent to his serious need for treatment of his injured knee while he was incarcerated at Pinckneyville Correctional Center. Specifically, he alleges he sought treatment from Harmon on July 22, 2011, and from Farris on July 26, 2011. The Report found Coleman had failed to exhaust his administrative remedies against these defendants before filing suit as required by 42 U.S.C. § 1997e(a) because on August 9, 2011, he sent a grievance – the only one mentioning Harmon and Farris – directly to the Administrative Review Board ("ARB"), the fourth step in the administrative appeals process rather than following the prescribed five-step grievance process. *See* 20 Ill. Admin. Code § 504.810 *et seq.* The ARB rejected the grievance on procedural grounds.

Coleman contends that he properly exhausted his administrative remedies because the grievance procedure allowed him to approach the ARB directly if the issues were not resolved by the warden. *See* Ill. Admin. Code § 504.850. He believes the warden's failure to resolve other grievances about other defendants justified his approaching the ARB about Harmon and Farris.

Coleman misapprehends the rules about appealing to the ARB. The Illinois Administrative Code states, in pertinent part:

> a) If, *after receiving the response of the Chief Administrative Officer*, the offender still feels that the problem, complaint or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director within 30 days after the date of the decision. . . .
>
> b) The Director shall review the grievance and the responses of the Grievance Officer and Chief Administrative Officer and shall determine whether the grievance requires a hearing before the Administrative Review Board. If it is determined that the grievance is without merit or can be resolved without a hearing, the offender shall be advised of this disposition, in writing.

Ill. Admin. Code § 504.850(a) & (b) (emphasis added). This avenue to the ARB presupposes a response from the warden – the Chief Administrative Officer – that did not satisfy the inmate. In this case, Coleman never grieved the alleged conduct of Harmon or Farris before attempting to

2

obtain relief from the ARB, so he did not have a response from the warden about Harmon or Farris that would have allowed him to approach the ARB about their conduct.  Essentially, he skipped steps 1 (informal grievance to counselor), 2 (formal grievance to grievance officer) and 3 (appeal to warden) of the grievance process.  Thus, he did not exhaust his administrative remedies "in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).  Dismissal without prejudice is therefore warranted.

The Court has reviewed the entire file *de novo* and finds that the Report is correct for the reasons stated therein and in this order.  Accordingly, the Court hereby:

- **ADOPTS** the Report in its entirety (Doc. 100);

- **GRANTS** the motion for summary judgment filed by defendants Harmon and Farris (Doc. 80);

- **DISMISSES** Count 1, Coleman's Eighth Amendment claim, against defendants Harmon and Farris **without prejudice** for failure to exhaust administrative remedies; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED: August 12, 2013**

          s/J. Phil Gilbert
          **J. PHIL GILBERT**
          **United States District Judge**