IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY J. COLEMAN JR. a/k/a LENARD WRIGHT,

    Plaintiff,

v.

VIPIN SHAH, M.D.; WEXFORD HEALTH SOURCES; CHRISTINE BROWN, Health Care Unit Administrator; ANGEL RECTOR, N.P.; M. KNOWP, L.P.N.; M. HILL, L.P.N.; MRS. FLOWERS, Nurse; MRS. HARMON, Nurse; BRENDA GALE, Nurse; SARAH FARRIS, Nurse; MR. BAVAN, Correctional Officer; MR. WEBB, Correctional Officer; and MRS. MCBRIDE, Lieutenant,

    Defendants.

Case No. 11-cv-782-JPG

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 119) of Magistrate Judge Philip M. Frazier recommending that the Court deny plaintiff Anthony J. Coleman's motion for a preliminary injunction in light of the fact that he is no longer incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), where the events at issue in this case arose (Doc. 113). Coleman objects to the Report (Doc. 120) and seeks leave to file an additional exhibit in support of his motion (Doc. 121), namely, medical literature regarding treatment of knee injuries.

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

In this case Coleman complains that the defendants were deliberately indifferent to his serious need for treatment of his injured knee while he was incarcerated at Pinckneyville. He has been released from the custody of the Illinois Department of Corrections ("IDOC") and, although he has been reincarcerated, he is not in Pinckneyville and has not shown a likelihood that he will be reincarcerated at Pinckneyville. He objects that he is still not receiving appropriate treatment at Western Illinois Correctional Center ("Western"), where is currently incarcerated, and that defendant Wexford is responsible for medical care at all IDOC facilities.

This case is about the care Coleman received at Pinckneyville. His care at Western is not at issue, and it would be inappropriate to issue a preliminary injunction based on events outside of this case. Coleman may file a new lawsuit – after exhausting his administrative remedies – about the care he is receiving at Western and may seek preliminary injunctive relief based on that care in that lawsuit.

The Court has reviewed the entire file *de novo* and finds that the Report is correct for the reasons stated therein and in this order. Furthermore, the additional exhibit Coleman seeks to submit is late and irrelevant to the disposition of the pending motion. Accordingly, the Court hereby:

- **ADOPTS** the Report in its entirety (Doc. 119);

- **DENIES** Coleman's motion for a preliminary injunction (Doc. 113); and

- **DENIES** Coleman's motion for leave to file an additional exhibit in support of his motion for a preliminary injunction (Doc. 121).

**IT IS SO ORDERED.**
**DATED: December 3, 2013**

             s/J. Phil Gilbert
             **J. PHIL GILBERT**
             **United States District Judge**