IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTHONY J. COLEMAN, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.   11-cv-782-JPG-PMF |
| | ) | |
| vs. | ) | |
| | ) | |
| DR. VIPIN SHAH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**FRAZIER, Magistrate Judge:**

     This case is before the Court for purposes of docket control.  Plaintiff Anthony Coleman is challenging the conditions of his former confinement at Pinckneyville Correctional Center, alleging that he received inadequate medical treatment of a knee injury.  A jury trial is set for March 7, 2016 (Doc. No. 200).  Coleman's recruited counsel was recently allowed to withdraw, due to multiple unsuccessful efforts to connect with Coleman at the address and phone number he provided to her (Doc. No. 206).  Coleman's failure to keep his recruited counsel informed of his whereabouts and his failure to return recruited counsel's phone calls has interfered with trial preparation.  The Court does not know whether Coleman intends to appear for his jury trial.  The Court is not willing to summon a number of potential jurors to travel to Benton, Illinois in these circumstances.  The Court will not require the defendant to appear for trial with counsel and witnesses without knowing whether Coleman will attend and prosecute his claim.  Considering the age of this case and prior extensions and delays, the Court is not willing to reschedule the trial and wait for Coleman to resurface.

     Coleman has been repeatedly reminded of his obligation to keep the Clerk and each opposing party informed of any change in his address.  He has been warned that failure to do so within 7 days after a change in address may result in sanctions, including dismissal for want of prosecution (Doc. Nos. 10, 74).  See also SDIL-LR 3.1(b).

This is not the first time Coleman has failed to maintain a current address. When he was taken into custody on September 22, 2012, he waited approximately ten weeks before he reappeared with a new address (Doc. No. 77).

The Court is satisfied that the circumstances show that Coleman is not willing to prosecute his remaining claim against Wexford Health Sources in accordance with the Court's orders to promptly notify the Clerk and opposing counsel of an address change.

Coleman's claim against Wexford Health Sources is DISMISSED for want of prosecution. All pending motions (Doc. Nos. 187, 202, 205) are MOOT. The March 7, 2016, jury trial setting is VACATED. As no claims remain, the Clerk is DIRECTED to enter judgment.

If any party wishes to appeal, a notice of appeal must be filed within 30 days after entry of judgment. If any party wishes to ask the Court to alter or amend the judgment, that motion is due within 28 days, and there is an exception from the general rule for extending time. Any party wishing to challenge this decision should consult Fed. R. Civ. P. 59, 6; Fed. R. App. P. 4, 12.

The Clerk is DIRECTED to send a copy of this Order to plaintiff at the last known address given in Doc. No. 204.

SO ORDERED:  February 25, 2016.

    s/Philip M. Frazier
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**